UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X  Index No. 05 CV 455 (DGT)(VVP)
ESTHER C. LERNER,
                      Plaintiff,

-- against --

COHEN & SLAMOWITZ, LLP
                      Defendant.
------------------------------------------------X

## PLAINTIFF'S FIRST SET OF REQUESTS FOR INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff hereby requests that each defendant respond to the following interrogatories and document requests.

Unless otherwise specified in a particular paragraph, the time period covered by this request is August 1, 2004 to the present. If a paragraph asks for information irrespective of date, this limitation does not apply.

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are

attached hereto as <u>Exhibit 1</u>. If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## **INTERROGATORIES**

1. Indicate whether the defendant sent an initial contact letter to the plaintiff which included a 30 day notice. If the answer to this question is yes, indicate who sent the letter and the date the letter was actually mailed to the plaintiff. Indicate the name and address of the individual or company that placed the letter with the United States Postal Service.

2. Indicate the date on which the letter was received by the plaintiff.

3. State the names of all officers, directors, managers and employees of the defendant as of the date the first contact letter was sent to the plaintiff.

4. Indicate the names of the shareholders of the company Metro Portfolios, Inc. Include names addresses and titles if any of the shareholders.

5, Indicate whether the records of the defendant demonstrate that the underlying debt for which the letter was sent was a consumer debt.

6. Indicate what errors if any, caused the letter attached to the complaint to be sent to the plaintiff.

7. Indicate the names and addresses of all individuals actually involved in the sending of the initial contact letter to the plaintiff. Provide their names titles address and company they work for.

# REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1. One copy of each different form letter defendant sent to debtors.

2. All insurance policies that may afford coverage with respect to the matters complained of.

3. The agreement(s) pursuant to which defendant sought to collect money from plaintiff. Including the agreement that the defendant had with Metro Portfolios, Inc. as well as any agreement Metro Portfolios had with any 3rd party.

4. All documents transmitted to plaintiff by defendant with respect to the alleged debt of plaintiff or any copies or records relating to the same.

5. All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff or plaintiff's transaction.

Respectfully submitted,

_____
Lawrence Katz (LK-0062)
Katz & Kleinman PLLC
**Attorney for the Plaintiff**
626 EAB Plaza
West Tower, Sixth Floor
Uniondale, New York 11556-0165
(516) 522-2621
(516) 522-2890 (FAX)

To:, Leandre M. John, Esq.

# CERTIFICATE OF SERVICE

I, Lawrence Katz certify that on November 18, 2005, I sent copies of this discovery request via FedEx to:

LEANDRE M. JOHN ESQ
COHEN & SLAMOWITZ
199 CROSSWAYS PARK DRIVE
WOODBURY NEW YORK 10004

s/
_____
Lawrence Katz
**Attorney for the Plaintiff**
626 EAB Plaza
West Tower - Sixth Floor
Uniondale, New York 11556-0626

Exhibit 1

# INSTRUCTIONS AND DEFINITIONS

## Definitions

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases;
drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail,

personal delivery, or otherwise.

       G.    "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

       H.    "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

## Instructions

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.
ND: 4813-5999-8464, Ver 1