UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ESTHER C. LERNER

               Plaintiff,

                                                          Case No. 05-0455 (DGT) (VVP)

   -against-

COHEN & SLAMOWITZ, LLP

               Defendant.
-------------------------------------------------X

## **DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**

1. Defendant did mail plaintiff an initial contact letter. The letter was mailed by an employee of the defendant. Said letter was mailed on or about August 12, 2004.

2. Defendant does not have information as to the date of plaintiff's receipt of defendant's initial contact letter, as said information would be in the sole possession of the plaintiff.

3. Objection. Request is overly broad and would place an undue burden on the defendant to respond.

4. Objection. Metro Portfolios, Inc. is not a party to this action, therefore said information is irrelevant to the current controversy.

5. Defendant is unaware to which letter the plaintiff is referring. However, it is a matter of public record that the debt underlying the action entitled Metro Portfolios, Inc. v. Esther C. Lerner, under index number 102604/04 in the Civil Court of the City of New York, Kings County is based on a consumer credit transaction.

6. With regard to the letter, dated January 18, 2005, attached to plaintiff's instant complaint advising plaintiff of her rights pursuant to New York Civil Practice Law and Rules

section 5222, there was no known error which caused the production of the said letter. Plaintiff's counsel is aware that there was no error which caused said letter to be produced. In fact, plaintiff's counsel called defendant's office on behalf of plaintiff on October 22, 2004, complaining that their client was served with a summons and complaint. Having actual knowledge of their client being served with a summons and complaint, plaintiff's counsel was well aware that their client's failure to answer would result in the entry of a default judgment against her as well as the service of the NYCPLR §5222 notice.

7. Leandre M. John, attorney, Cohen & Slamowitz, LLP, 199 Crossways Park Drive P.O. Box 9004, Woodbury, New York 11797. Beyond the aforementioned employee(s), it would be impossible to determine which employee(s) were actually involved in the mailing of defendant's initial contact letter to the plaintiff.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S DOCUMENT T REQUESTS

1. Objection. Said request is ambiguous, if not, overly burdensome.

2. Objection. Said request is ambiguous, if not, overly burdensome.

3. Objection. Said request is vague, unduly burdensome. A response to said request would conflict with the defendant's obligation to maintain its attorney-client privilege.

4. The documents requested are enclosed.

5. Objection. Said request is ambiguous and incomprehensible.

Respectfully submitted,

_____
Leandre M. John, Esq. (LJ7888)
Cohen & Slamowitz, LLP
Defendant Pro Se
199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
(516) 364-6006 ext. 8998 phone
(516) 364-3431 facsimile